**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

PAOLA ALEJANDRA SANTOS : 
RAMIREZ *o/b/o* A.A.T.S., : 
                                   : 
        Petitioner, : 
                                     : 
v. :     Case No. 4:26-cv-878-CDL-ALS
                                     : 
Warden, STEWART DETENTION : 
CENTER, *et al.*, : 
                                     : 
        Respondents. : 
_____

### ORDER

On May 28, 2026, the Court received a purported application for habeas corpus relief under 28 U.S.C. § 2241 filed by Paola Alejandra Santos Ramirez as next friend for A.A.T.S., who is currently detained at Stewart Detention Center in Lumpkin, Georgia. (ECF No. 1). Ms. Santos Ramirez did not seek permission to file the application as next friend for A.A.T.S., but in the application, Ms. Santos Ramirez contends that she is his spouse. *Id.* at 2. Having considered Ms. Santos Ramirez's contention, the Court finds that it contains insufficient information to support granting Ms. Santos Ramirez next friend status.

A person acting as "next friend" may file a habeas petition on behalf of another who is unable to seek relief himself. *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). One prerequisite to such standing, however, is that the next friend "provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Francis*,

246 F. App'x at 622 (quoting *Whitmore v. Arkansas*, 494 U.S. 149, 163 (1990)). Further, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate," and "it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore*, 494 U.S. at 163-64. The burden is on the applicant to be "next friend" to establish the entitlement to that status. *Id.* at 164.

Here, Ms. Santos Ramirez has not met this standard, let alone addressed it. While it may be that A.A.T.S.'s detention causes unnamed barriers to filing and litigating this case while he is detained, that is the reality – however unfortunate it may be – for virtually all individuals facing immigration detention. This Court, like a great many other courts across the country, receives daily filings from individuals detained by the nation's immigration enforcement programs. Consequently, the Court will afford Ms. Santos Ramirez one (1) opportunity to file a motion requesting permission to proceed as next friend and which addresses the requirements to show next friend status by an unsworn declaration under the penalty of perjury in accordance with the requirements of 28 U.S.C. § 1746. With her motion to proceed as next friend, Ms. Santos Ramirez may also submit a brief no longer than three (3) pages with her argument for next friend status. Alternatively, Ms. Santos Ramirez may have A.A.T.S. complete and sign his petition. The Clerk is directed to forward a blank § 2241 petition to Ms. Santos Ramirez for A.A.T.S.'s use. The motion, briefing and declaration, or the petition signed by A.A.T.S., shall be due **within twenty-one (21) days** of the date of this Order. Failure to comply with this Order may result in the Court recommending the dismissal of this matter.

**SO ORDERED**, this 29th day of May, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE